UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>ROBERT ADAMS, an individual; Officer HERZIG, an individual; CITY OF SAN DIEGO, a government entity; and DOES 1-50, inclusive<br><br>　　　　　　　　　　　Defendants. | CASE NO. 10cv2599-GPC(BGS)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL BY CARL M. LEWIS; DENYING MOTION FOR TEMPORARY STAY; AND SETTING STATUS HEARING**<br><br>[Doc. No. 28.] |

On December 17, 2010, Plaintiff Nicole Chaker filed a 28 U.S.C. § 1983 civil rights complaint against two San Diego police officers and the City of San Diego. On August 24, 2012, Carl Lewis, counsel for Plaintiff, filed a motion to withdraw as counsel and for a temporary stay. (Dkt. No. 28.) No opposition has been filed. On October 5, 2012, the matter was taken under submission without oral argument pursuant to Civil Local R. 7.1.d.1. (Dkt. No. 36.) On October 9, 2012, the matter was transferred to the undersigned judge. (Dkt. No. 37.) After a review of the motion and applicable law, the Court GRANTS the motion to withdraw as counsel by Carl M. Lewis and DENIES the motion for a temporary stay.

**Discussion**

"An attorney may not withdraw as counsel except by leave of court." Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or

deny an attorney's motion to withdraw in a civil case. Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). Courts should consider the following factors when ruling upon a motion to withdraw as counsel:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case.

Deal v. Countrywide Home Loans, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Rule 3-700 of the California Rules of Professional Conduct of the State Bar of California provides that an attorney may request a withdrawal if it is unreasonably difficult for counsel to carry out his employment effectively or if the client breaches an obligation as to expenses or fees. Cal. R. Prof. Conduct 3-700(C)(1)(d) & (f).

In a declaration, Plaintiff's counsel provides the following reasons for his motion for withdrawal,

> [t]hat plaintiff and counsel now have an actual conflict including persistent and irreconcilable differences, a communication breakdown, and contractual issues that, pursuant to California Rules of Professional Conduct, Rule 3-700, render Counsel unable to continue to represent Plaintiff in this case and, in fact, compel Counsel to withdraw as attorney of record in the above-entitled matter.

(Dkt. No. 28-1, Lewis Decl. ¶ 2.) No opposition has been filed. Based on the moving papers and a review of the case, the Court concludes that the withdrawal will not prejudice litigants, harm the administration of justice or unduly delay the resolution of the case.

Good cause appearing, IT IS HEREBY ORDERED that the Court GRANTS the motion to withdraw as counsel filed by Carl M. Lewis, Esq. The Court DENIES his request for a temporary stay but GRANTS Plaintiff sixty (60) days from the date of this Order to obtain new counsel. If Plaintiff does not respond to this Order within 60 days, the Court will deem Plaintiff as proceeding *pro se.*

The Court DIRECTS the Clerk of Court to serve a copy of this ORDER on Plaintiff Nicole Chaker at the following address:

5924 Stadium Street
San Diego, California 92122.

1 | Furthermore, the Court sets a status hearing on **December 14, 2012 at 1:30 p.m.**

IT IS SO ORDERED.

DATED: October 10, 2012

                                                         _____
                                                         HON. GONZALO P. CURIEL
                                                         United States District Judge