1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | NICOLE CHAKER, an individual,

CASE NO. 10cv2599-GPC(BGS)

12 |                                     Plaintiff,

**ORDER DENYING PLAINTIFF'S MOTION TO REDACT PORTIONS OF TRANSCRIPT HEARING DATED MARCH 15, 2013**

13 |      vs.

14 | ROBERT ADAMS, an individual; Officer HERZIG, an individual; CITY OF SAN DIEGO, a government entity; and DOES 1-50, inclusive

[Dkt. No. 46.]

15
16
17 |                                    Defendants.

18
19
20

On March 27, 2013, Plaintiff filed a motion to redact portions of the transcript hearing dated March 15, 2013. (Dkt. No. 46.) She seeks to redact or, in essence, seal "any statement by Plaintiff concerning a medical diagnosis, status, or treatment." (Id.)

21
22

"There is a strong presumption in favor of access to court records." <u>Foltz v. State Farm</u>, 331 F.3d 1122, 1135 (9th Cir. 2003). In determining whether to seal part of the judicial record, the Court "must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." <u>Fleming v. Escort, Inc.</u>, 2013 WL 1290418, *4 (D. Idaho March 27, 2013) (citing <u>Foltz</u>, 331 F.3d at 1135). "Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default." <u>Kamakana v. City of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006).

23
24
25
26
27
28

Here, Plaintiff does not specify which specific portions of the transcript she seeks to redact or

[10cv2599-GPC(BGS)]

seal.  Any comments about Plaintiff's medical condition were raised by her and her medical condition was addressed in general terms.  A review of the transcript does not reveal any specific medical diagnosis.  Second, her citation to <u>Roe v. Sherry</u>, 91 F.3d 1270, 1274 (9 Cir .1996) is misplaced as that case concerned privacy interests against governmental interests in a <u>Bivens</u>[1] action.  Plaintiff has not provided a compelling reason to rebut the strong presumption in favor of public access to court documents.  Accordingly, the Court DENIES Plaintiff's motion to redact portions of the transcript hearing dated March 15, 2013.

IT IS SO ORDERED.

DATED:  April 8, 2013

HON. GONZALO P. CURIEL
United States District Judge

_____

[1]<u>Bivens v. Six Unknown Named Agents,</u> 403 U.S. 388 (1971).