1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

NICOLE CHAKER, an individual,

12

Plaintiff,

vs.

13

14

ROBERT ADAMS, an individual;
Officer HERZIG, an individual; CITY
OF SAN DIEGO, a government entity;
and DOES 1-50, inclusive

15
16
17

Defendants.

CASE NO. 10cv2599-GPC(BGS)

**ORDER DENYING
PLAINTIFF'S MOTION FOR
APPOINTMENT OF
COUNSEL**

[Dkt. No. 52.]

18
19
20
21
22
23
24
25
26
27
28

Presently before the Court is Plaintiff's motion for appointment of counsel. Plaintiff requests the appointment of counsel to assist her in prosecuting this civil action. "[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "To show exceptional circumstances the litigant must demonstrate the likelihood of success and complexity of the legal issues involved." Burns, 883 F.2d at 823 (citation omitted); Hedges, 32 F.3d at 1363; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Neither the

likelihood of success nor the complexity of the case are dispositive; both must be considered.  Terrell, 935 F.2d at 1017; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

When the complaint was originally filed on December 17, 2010, Plaintiff was represented by counsel.  On August 3, 2012, the Court issued an order denying Plaintiff's motion for partial summary judgment as to Defendants Adams and Herzig and entered judgment in favor of Defendants Adams and Herzig on the claim for wrongful arrest. (Dkt. No. 26.) On August 24, 2012, Plaintiff's counsel filed a motion to withdraw as attorney for Plaintiff. (Dkt. No. 28.) On October 9, 2012, the case was transferred to the undersigned judge. (Dkt. No. 37.) On October 10, 2012, the Court granted the motion to withdraw as counsel and the Court set a status hearing on December 14, 2012. (Dkt. No. 38.) Pursuant to Plaintiff's *ex parte* motion to continue the status hearing, the Court continued the status hearing to March 15, 2013. (Dkt. No. 41.)  At the March 15, 2013 hearing, Plaintiff had not yet obtained counsel and requested additional time. (Dkt. No. 42.)  The Court stayed the case in order for Plaintiff to obtain counsel. (Id.) Another status hearing was held on May 17, 2013 and the Court continued the stay pending Plaintiff's evaluation of her disability. (Dkt. No. 48.) On September 13, 2013, the Court held another status conference. (Dkt. No. 51.) At the hearing, the Court lifted the stay and referred the case for settlement with the Magistrate Judge and set a pretrial conference hearing date on January 17, 2014.  (Id.) Subsequently, Plaintiff filed a motion to appoint counsel.

Plaintiff argues that good cause exists to appoint counsel because she is disabled, unable to afford an attorney, has no legal training and the legal issues are complex. Plaintiff alleges she is "totally disabled, including significant issues with eye sight, use of a crutch, inability to use hands with full range of motion on a consistent basis as required to use the law library." (Dkt. No. 52 at 2.)

In this case, the Court is unable to determine whether she has a likelihood of success on the merits; however, while Plaintiff contends she is "totally disabled,"

Plaintiff filed a well drafted motion for appointment of counsel using legal analysis based on caselaw and facts. The facts of her case are not complex and it appears that she has the ability to articulate her claims. Under these circumstances, the Court DENIES Plaintiff's request for appointment of counsel because it is not warranted by the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

     IT IS SO ORDERED.

DATED: September 19, 2013

HON. GONZALO P. CURIEL
United States District Judge

[Case # for Footer]