# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT ADAMS, et al.,<br><br>　　　　　　　　Defendants. | Case No.　10cv2599 GPC (BGS)<br><br>**ORDER APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. CAL. GEN. ORDER 596** |

　　　Nicole Chaker ("Plaintiff") initiated this civil rights action pursuant to 42 U.S.C. §1983 in December 2010 with the assistance of counsel, but has been proceeding *in pro se* since October 10, 2012, when after her Motion for Partial Summary Judgment was denied in part (ECF Doc. No. 26), and her counsel was granted permission to withdraw (ECF Doc. No. 38). Plaintiff was granted a sixty-day stay in the proceedings to permit her to obtain alternate counsel.

　　　At a status hearing held on May 17, 2013, the Court continued the stay pending an evaluation of Plaintiff's disability. (ECF Doc. No. 48.) On September 13, 2013, the Court held another status conference and lifted the stay so that the case could be referred for settlement, with Plaintiff proceeding in *pro se* before the Magistrate Judge.

Subsequently, Plaintiff filed a motion to appoint counsel (ECF Doc. No. 52), arguing that her disability, inability to afford an attorney, lack of legal training, and the complexity of her case warranted such an appointment. (*Id.*)  The Court denied her Motion without prejudice, however, finding that Plaintiff had failed to establish the "exceptional circumstances" required to exercise its discretion under 28 U.S.C. § 1915(e)(1). *See* ECF Doc. No. 53 (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989)).

Since that time, Plaintiff has been unable to attend one mandatory settlement conference ("MSC") due to health issues confirmed by her doctor (ECF Doc. No. 59), and the case failed to settle at a subsequent MSC (ECF Doc. No. 65).  Plaintiff has also had difficulty submitting a settlement statement, and has had several *ex parte* applications to continue dates rejected based on Local Rules governing documents sought to be submitted under seal (ECF Doc. Nos. 60-61, 63, 67, 68).  In addition, Defendants now seek an involuntary dismissal of the action based on Plaintiff's "failure to prosecute" pursuant to Fed.R.Civ.P. 41(b) (ECF Doc. No. 69), despite the fact that genuine issues of material fact exist necessitating trial.

While there is no right to counsel in a civil action, as noted above, the district court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

In order to provide for counsel under the circumstances prescribed by 28 U.S.C. § 1915(e)(1), this Court has established a "Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," which was adopted by the Judges of this District on August 3, 2011 pursuant to S.D. Cal. Gen. Order No. 596.  The Pro Bono Plan specifically provides for appointment of pro bono counsel "as

a matter of course for purposes of trial in each *prisoner* civil rights case where summary judgment has been denied." See S.D. Cal. Gen. Order 596.  While Plaintiff is not a prisoner, she is proceeding in *pro se*, summary judgment has been partially denied, a pre-trial conference is currently set for July 25, 2014, and it has become clear that Plaintiff is unable to proceed further without assistance.  Therefore, the Court has now concluded that the ends of justice will be served by the appointment of pro bono counsel under the circumstances presented in this case.  *Id.*

Accordingly, pursuant to both 28 U.S.C. § 1915(e)(1) and General Order 596, the Court has randomly selected an available volunteer attorney from the Court's Pro Bono Panel who has graciously agreed to represent Plaintiff pro bono during the course of all further proceedings before this Court.  *Id.*

**Conclusion and Order**

Accordingly, the Court hereby APPOINTS Stephen P. White, of the Law Offices of Stephen P. White, 101 West Broadway, Suite 1950, San Diego, California, 92101, as Pro Bono Counsel for Plaintiff.   Since Plaintiff does not have a contact number on the docket, the Court DIRECTS Plaintiff to contact Attorney Stephen White at 619-702-3753.

Pursuant to S.D. CAL. CIVLR 83.3(g)(2), Pro Bono Counsel shall file, within fourteen (14) days of this Order if possible, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel.  Such substitution shall be considered approved by the Court upon its filing, and Pro Bono Counsel shall thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court and in this matter only*.  See S.D. CAL. CIVLR 83.3(g)(1), (2).

/ / / /

/ / / /

/ / / /

/ / / /

The Court further DIRECTS the Clerk of the Court to serve Mr. White with a copy of this Order at the address listed above upon filing. *See* S.D. CAL. CIVLR 83.3(f)(2).

IT IS SO ORDERED.

DATED: May 12, 2014

HON. GONZALO P. CURIEL
United States District Judge