1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

NICOLE CHAKER, an individual,

12

Plaintiff,

13

vs.

14
15
16

ROBERT ADAMS, an individual;
Officer HERZIG, an individual; CITY
OF SAN DIEGO, a government entity;
and DOES 1-50, inclusive

17
18

Defendants.

CASE NO. 10cv2599-GPC(BGS)

**ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S *EX PARTE*
MOTION TO FILE HER
MOTION TO APPOINT
COUNSEL UNDER SEAL;
ORDER DIRECTING
PLAINTIFF TO FILE
FINANCIAL AFFIDAVIT;
AND ORDER STRIKING
EXHIBIT 1**

19
20
21

　　　　Plaintiff Nicole Chaker, proceeding *pro se*, filed a motion to appoint counsel and request for a stay, and an *ex parte* motion to file her motion under seal.

22
23
24
25
26
27
28

　　　　Plaintiff initiated this civil rights action pursuant to 42 U.S.C. §1983 on December 17, 2010 with the assistance of counsel. (Dkt. No. 1.) On August 3, 2012, District Judge Janis Sammartino denied in part Plaintiff's motion for partial summary judgment. (Dkt. No. 26.) On October 9, 2012, the case was transferred to the undersigned judge. (Dkt. No. 37.) On October 10, 2012, the Court granted Plaintiff counsel's motion to withdraw as attorney. (Dkt. No. 38.) In that order, Plaintiff was granted a sixty-day stay of the proceedings to permit her to obtain alternate counsel and

the Court set a status hearing on December 14, 2012. (Id.)  The Court granted
Plaintiff's *ex parte* motion to continue the status hearing to March 15, 2013. (Dkt. No.
41.)  A status hearing was held on March 15, 2013.  (Dkt. No. 42.)  At the hearing,
Plaintiff indicated she had not yet obtained counsel and requested additional time. (Id.)
On May 17, 2013, the Court held another status hearing. (Dkt. No. 48.)  At the hearing,
the Court stayed the case pending Plaintiff's evaluation of her disability.  (Id.)  On
September 13, 2013, another status hearing was held.  (Dkt. No. 51.)  At that hearing,
the Court lifted the stay and referred the case to the Magistrate Judge for settlement.
(Dkt. No. 51.)  The Court also set a pretrial conference for January 17, 2014.  (Id.)  On
the same day, Plaintiff filed a motion to appoint counsel which the Court denied.  (Dkt.
Nos. 52, 53.)  The mandatory settlement conference set before the Magistrate Judge on
December 18, 2013 was vacated and reset to March 24, 2014 and again to April 1,
2014.  (Dkt. Nos. 57, 59, 61.)  On April 1, 2014, a mandatory settlement conference
was held and the case did not settle.  (Dkt. No. 65.)  The Court continued the pretrial
conference to April 18, 2014 due to the mandatory settlement conference, and then
again to July 25, 2014.  (Dkt. Nos. 62, 66.)

On May 12, 2014, the Court appointed Stephen P. White as Pro Bono Counsel
for Plaintiff pursuant to 28 U.S.C. § 1915(e)(1) and S.D. Cal. General Order 596.  (Dkt.
No. 71.)  On June 25, 2014, White filed a motion to withdraw as pro bono counsel for
Plaintiff.  (Dkt. No. 72.)  At the hearing on July 16, 2014, the Court granted Mr.
White's motion to be relieved as pro bono counsel and set a final pretrial conference
on August 29, 2014.  (Dkt. No. 74.)

In her instant motion, Plaintiff seeks to have another pro bono counsel appointed
and a stay of the case until new counsel is appointed.  In its prior order appointing pro
bono counsel, the Court assumed that Plaintiff had met the *indigent* standard required
to appoint counsel under 28 U.S.C. § 1915(e)(1) ("court may request an attorney to
represent any person unable to afford counsel.")

The record in this case does not reflect that Chaker is indigent as she has not

filed a financial affidavit with the Court.  Accordingly, in order to  determine whether she qualifies for appointment of counsel under 28 U.S.C. § 1915(e)(1) as being indigent, Plaintiff is directed to file a sworn financial affidavit.  <u>See</u> <u>Bradshaw v. Zoological Society of San Diego</u>, 662 F.2d 1301, 1318 (9th Cir. 1981) (the district court must assess three factors in determining whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) whether the plaintiff's claims have merit).

**A.     Request to File Under Seal**

Plaintiff also seeks to file her entire motion to appoint counsel and for a stay under seal.  There is a presumptive right of public access to court records based upon the common law and the first amendment.  <u>See</u> <u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589, 597 (1978); <u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u>, 307 F.3d 1206, 1212-13 (9th Cir. 2002).  Nonetheless, access may be denied to protect sensitive confidential information.  Courts are more likely to protect information covered by Federal Rule of Civil Procedure 26(c), but are not limited by items listed in protective orders.  <u>See</u> <u>KL Group v. Case, Kay, & Lynch</u>, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from attorney); <u>Kalinauskas v. Wong</u>, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement).  In the context of Rule 26(c), "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." <u>Folz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003). Redactions, as opposed to filing entire documents under seal, "have the virtue of being limited and clear." <u>Kamakana v. City and Cnty. of Honolulu</u>, 447 F.3d 1172, 1183 (9th Cir. 2006).

Here, Plaintiff seeks to file her entire motion to appoint counsel under seal without showing good cause why the entire motion should be protected.  Plaintiff only seeks to protect a letter signed by her physician which is attached as Exhibit 2 to her motion to appoint counsel.  The Court finds that the physician's letter is sensitive and

confidential information.  Accordingly, the Court GRANTS Plaintiff's *ex parte* motion to file under seal her physician's letter attached as Exhibit 2 to her motion to appoint counsel and DENIES Plaintiff's *ex parte* motion to file under seal the remaining portions of her motion.  The Court also STRIKES Exhibit 1 attached to the motion to appoint counsel as it concerns Mr. White, her prior counsel, which has no bearing on Plaintiff's motion to appoint counsel.

## Conclusion

Based on the above, the Court DIRECTS the Clerk of Court to send an in forma pauperi ("IFP") packet to Plaintiff along with this order and Plaintiff shall file the financial affidavit in the IFP packet on or before **September 5, 2014.**  In addition, the Court GRANTS Plaintiff's *ex parte* motion to file under SEAL her physician's letter attached as Exhibit 2 to her motion to appoint counsel and DENIES Plaintiff's *ex parte* motion to file under seal the remaining portions of her motion.  The Court also STRIKES Exhibit 1 attached to the motion to appoint counsel.  In light of the Court's ruling, the Court continues the hearing on Defendants' motion to dismiss for lack of prosecution and the pretrial conference to **October 24, 2014 at 1:30 p.m.**  The Court further DENIES Plaintiff's motion for a stay.

IT IS SO ORDERED.


DATED:  August 15, 2014


HON. GONZALO P. CURIEL
United States District Judge