# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT ADAMS, an individual; Officer HERZIG, an individual; CITY OF SAN DIEGO, a government entity; and DOES 1-50, inclusive<br><br>Defendants. | CASE NO. 10cv2599-GPC(BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; GRANTING PLAINTIFF'S REQUEST FOR A STAY; AND DENYING AS MOOT DEFENDANTS'** *EX PARTE* **MOTION TO CONTINUE HEARING DATE**<br><br>[Dkt. Nos. 83, 86.] |

Presently before the Court is Plaintiff's motion for appointment of counsel and request for a stay. Plaintiff argues that since the Court found good cause to appoint pro bono counsel on May 12, 2014, and the appointed pro bono counsel withdrew as counsel shortly thereafter, the Court should appoint another pro bono counsel who has "expertise in civil rights litigation." (Dkt. No. 83-1 at 3.) She asserts that she continues to be treated for various medical issues and requests the appointment of counsel to assist her in prosecuting this civil action and also requests a stay as she is unable to file a response to Defendants' motion to dismiss for lack of prosecution. Based on the reasoning below, the Court DENIES Plaintiff's motion for appointment

of counsel and GRANTS Plaintiff's request for a stay.

**Discussion**

**A.  Motion for Appointment of Counsel**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). The United States Supreme Court has held that the district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the district court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). 28 U.S.C. § 1915(e)(1) specifically states that the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also Pinson v. Equifax Credit Information Servs., Inc., 316 Fed. Appx. 744, 749 (10th Cir. 2009) (noting that plaintiffs initiated the action through retained counsel, indicating that they were not so indigent as to be unable to afford an attorney).

In the Court's prior order appointing pro bono counsel, the Court assumed that Plaintiff had met the indigent standard required to appoint counsel under 28 U.S.C. § 1915(e)(1).[1]  In fact, Plaintiff had not met the standard. Therefore, recently in the Court's order filed on August 15, 2014, the Court directed the Clerk of Court to sent an *in forma pauperis* ("IFP") packet to Plaintiff and directed Plaintiff to file the financial affidavit in the IFP packet on or before September 5, 2014 to demonstrate that she is unable to afford counsel. To date, Plaintiff has not filed a financial affidavit demonstrating that she is unable to afford counsel, which is a requirement for appointment of counsel under 28 U.S.C. § 1915(e)(1).

---

[1] The Court notes that this was overlooked due to the fact that Plaintiff had retained counsel when she initially filed the complaint. As such, Plaintiff did not file a motion for *in forma pauperis* when the complaint was filed as is the case with most *pro se* plaintiffs seeking appointment of counsel in civil rights cases.

Accordingly, the Court DENIES Plaintiff's motion to appointment counsel based on her failure to meet the indigent requirement under 28 U.S.C. § 1915(e)(1). In her motion to appoint counsel, she indicated that Jones Day and Procopio Cory would take the case if the Court appointed them. However, the appointment by the Court is not required for these firms to represent Plaintiff. These firms may represent Plaintiff in this case if they so choose.

**B.     Plaintiff's Request for a Stay**

Plaintiff also requests a stay of the case stating that she is unable to file an opposition to Defendants' motion to dismiss for lack of prosecution since she is "disabled." As part of her motion, she filed under seal a letter from her doctor. The doctor recommended a four month stay in order to allow Plaintiff to address her medical condition. Based on the doctor's letter, the Court GRANTS Plaintiff's request for a stay of four months until **January 23, 2015.** However, the Court notes that the letter provides general statements as to her medical condition without specific details about how her medical condition is affecting her ability to prosecute this case. Once the stay expires, on **January 28, 2015**, Plaintiff shall file with the Court an update on her medical condition and whether she can proceed with the case. If Plaintiff is unable to proceed, on **January 28, 2015**, she shall also provide a doctor's note specifically stating her medical condition, including any medical findings or tests to support her condition, any specific doctor's orders or treatment plan that need to take place, and the doctor's prognosis as to when Plaintiff would be able to prosecute her case.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

**Conclusion**

Based on the above, the Court DENIES Plaintiff's motion for appointment of counsel and GRANTS Plaintiff's request for a temporary stay. The Court stays this action for a period of four months. The stay shall expire on **January 23, 2015.**

Based on the Court's ruling, Defendants' *ex parte* motion to continue the hearing date on their motion to dismiss and the pretrial conference is DENIED as moot.

IT IS SO ORDERED.

DATED: September 26, 2014

HON. GONZALO P. CURIEL
United States District Judge