# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT ADAMS, an individual;<br>Officer HERZIG, an individual; CITY<br>OF SAN DIEGO, a government entity;<br>and DOES 1-50, inclusive<br><br>　　　　　　　　　　Defendants. | CASE NO. 10cv2599-GPC(BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION TO FILE MOTION TO APPOINT COUNSEL AND REQUEST FOR STAY UNDER SEAL** |

Plaintiff Nicole Chaker, proceeding *pro se*, filed an application to file the entire motion for stay and appoint counsel under seal. She argues that her medical condition and diagnosis presented in the pleadings and the attached letter from her doctor should be filed under seal. She also seeks to file under seal the application to file motion for stay and appoint counsel under seal.

There is a presumptive right of public access to court records based upon the common law and the first amendment. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597 (1978); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212-13 (9th Cir. 2002). Nonetheless, access may be denied to protect sensitive confidential information. Courts are more likely to protect information covered by

Federal Rule of Civil Procedure 26(c), but are not limited by items listed in protective orders.  See <u>KL Group v. Case, Kay, & Lynch</u>, 829 F.2d 909, 917-19 (9th Cir. 1987) (letter to client from attorney); <u>Kalinauskas v. Wong</u>, 151 F.R.D. 363, 365-67 (D. Nev. 1993) (confidential settlement agreement).  In the context of Rule 26(c), "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." <u>Folz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003). Redactions, as opposed to filing entire documents under seal, "have the virtue of being limited and clear."  <u>Kamakana v. City and Cnty. of Honolulu</u>, 447 F.3d 1172, 1183 (9th Cir. 2006).

    Here, Plaintiff seeks to file her application to file motion for stay and appoint counsel under seal as well as the entire motion to appoint counsel and request for stay without showing good cause why the entire motion and application to file under seal should be protected.  Plaintiff seeks to protect portions of the pleading where she discloses her medical condition and a letter signed by her physician which is attached to her motion to appoint counsel.  The Court finds that the physician's letter is sensitive and confidential information as well as the medical condition disclosed in her motion. Accordingly, the Court GRANTS Plaintiff's application to file under seal her physician's letter attached to her motion to appoint counsel and the paragraph in her pleading that discloses her medical condition.  Thus, the Court REDACTS one paragraph from page two of her motion where she reveals her medical condition. However, the DENIES Plaintiff's application to file under seal the application to file under seal and the remaining portions of her motion to appoint counsel and request for stay.

    IT IS SO ORDERED.

DATED: January 27, 2015

HON. GONZALO P. CURIEL
United States District Judge