# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER, an individual,<br><br>    Plaintiff,<br>  vs.<br><br>ROBERT ADAMS, an individual;<br>Officer HERZIG, an individual; CITY<br>OF SAN DIEGO, a government entity;<br>and DOES 1-50, inclusive,<br><br>    Defendant. | CASE NO. 10cv2599-GPC(BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND MOTION FOR STAY**<br><br>[Dkt. No. 93.] |

After a stay in this case expired on January 23, 2015, Plaintiff filed a motion to appoint counsel and request for stay. (Dkt. No. 93.)

**A.   Appointment of Counsel**

Plaintiff argues that the Court should appoint counsel because she previously qualified for appointment of counsel, was improperly appointed counsel and is now required to fill out a financial statement which is burdensome due to her medical condition of very poor eyesight. (Dkt. No. 93 at 2.) Instead, she asks the Court to consider a recent fee waiver request which she was granted in a state court case due to indigency. Moreover, Plaintiff asks the Court to appoint counsel with "possibly a firm she has spoken with such as Jones Day or Procopio." (Dkt. No. 93 at 5.)

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. §1983 on December 17, 2010 with the assistance of counsel. (Dkt. No. 1.) On August 3, 2012,

District Judge Janis Sammartino denied in part Plaintiff's motion for partial summary judgment. (Dkt. No. 26.) On October 9, 2012, the case was transferred to the undersigned judge. (Dkt. No. 37.) On October 10, 2012, the Court granted Plaintiff counsel's motion to withdraw as attorney. (Dkt. No. 38.) In that order, Plaintiff was granted a sixty-day stay of the proceedings to permit her to obtain alternate counsel and the Court set a status hearing on December 14, 2012. (Id.) The Court granted Plaintiff's *ex parte* motion to continue the status hearing to March 15, 2013. (Dkt. No. 41.) At the status hearing, Plaintiff indicated she had not yet obtained counsel and requested additional time. (Dkt. No. 42.) At another status hearing on May 17, 2013, the Court stayed the case pending Plaintiff's evaluation of her disability. (Dkt. No. 48.) On September 13, 2013, another status hearing was held where the Court lifted the stay and referred the case to the Magistrate Judge for settlement. (Dkt. No. 51.) On September 13, 2013, Plaintiff filed a motion to appoint counsel which the Court denied. (Dkt. Nos. 52, 53.) On April 1, 2014, a mandatory settlement conference was held and the case did not settle. (Dkt. No. 65.) The Court continued the pretrial conference from January 17, 2014 to April 18, 2014 due to the mandatory settlement conference, and then again to July 25, 2014. (Dkt. Nos. 62, 66.)

On May 12, 2014, the Court appointed Stephen P. White as Pro Bono Counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e)(1) and S.D. Cal. General Order 596. (Dkt. No. 71.) On June 25, 2014, White filed a motion to withdraw as pro bono counsel for Plaintiff. (Dkt. No. 72.) At the hearing on July 16, 2014, the Court granted Mr. White's motion to be relieved as pro bono counsel and set a final pretrial conference on August 29, 2014. (Dkt. No. 74.)

On July 17, 2014, in light of the fact that Plaintiff is proceeding *pro se*, the Court continued dates in the case and continued the pretrial conference to August 29, 2014 with a schedule to comply with pretrial disclosure requirements under Federal Rule of Civil Procedure 26(a)(3). (Dkt. No. 79.) The Court also advised Plaintiff to cooperate with defense counsel and to comply with the pretrial requirements which are required

to prosecute her case. (Id.)

On August 15, 2014, Plaintiff filed an *ex parte* motion to appoint another pro bono counsel and motion to stay due to her medical condition. (Dkt. No. 83.) In response, the Court noted that in its prior order appointing pro bono counsel, the Court assumed that Plaintiff had met the indigent standard required to appoint counsel under 28 U.S.C. § 1915(e)(1).[1] (Dkt. No. 84.) Since the docket did not reflect that Plaintiff was indigent, the Court directed Plaintiff, by September 5, 2014, to file a sworn financial affidavit which the Clerk of Court attached to the Court's order. (Id.) Plaintiff did not file a financial affidavit by the deadline. Therefore, on September 26, 2014, the Court denied Plaintiff's motion to appoint counsel for failing to demonstrate she is indigent pursuant to 28 U.S.C. § 1915(e)(1) by submitting a financial affidavit form. (Dkt. No. 87.) However, in the order, the Court granted Plaintiff's motion to stay for four months due to her claim of a medical condition which was supported by a doctor's letter recommending a four month stay.[2] (Id. at 3)

The stay expired on January 23, 2015. On January 23, 2015, Plaintiff filed a motion to recuse the undersigned judge which was denied. (Dkt. Nos. 89, 90.) She also filed the instant motion to appoint counsel and motion for stay arguing that the financial affidavit form is too burdensome due to her poor eyesight. (Dkt. No. 93.) Instead, Plaintiff asks the Court to consider the state court fee waiver request that was granted in her case in 2012. (Id. at 22-23.)

She seeks appointment of counsel without complying with the provisions of 28

---

[1] The Court notes that this was overlooked due to the fact that Plaintiff had retained counsel when she initially filed the complaint. As such, Plaintiff did not file a motion for *in forma pauperis* when the complaint was filed as is the case with most *pro se* plaintiffs seeking appointment of counsel in civil rights cases.

[2] In the Court's order, it noted that the doctor's letter only provided general statements as to her medical condition without specific details about how her medical condition is affecting her ability to prosecute this case. (Dkt. No. 87 at 3.) Once the stay expires and Plaintiff is still unable to proceed, Plaintiff "shall also provide a doctor's note specifically stating her medical condition, including any medical findings or tests to support her condition, any specific doctor's orders or treatment plan that need to take place, and the doctor's prognosis as to when Plaintiff would be able to prosecute her case." (Id.)

U.S.C. § 1915(e)(1) requiring that she demonstrate she is indigent by filing a financial affidavit. A grant of a state court fee waiver request in 2012 is not recent and provides no indication whether she is currently indigent. Moreover, the Court does not find her assertions, that the financial affidavit is too burdensome due to her poor eyesight, credible as she was able to draft the instant well-written 23 page motion which includes a legal brief containing supporting case law and citations to the facts with supporting documentation. Contrary to Plaintiff's claim that the form is burdensome, the financial affidavit is a simple, straight-forward, self- explanatory three page form, with many questions just requiring a check mark, that is easy to fill out. Accordingly, since Plaintiff has not demonstrated she is indigent as required under 28 U.S.C. § 1915(e)(1), the Court DENIES her motion to appoint counsel.

Plaintiff, as she stated in her previous motion to appoint counsel, asserts that the firms of Jones Day and Procopio Cory indicated they would take the case if the Court appointed them. As the Court previously stated in its order of September 26, 2014, the appointment of counsel by the Court is not required for these firms to represent Plaintiff. However, once Plaintiff has provided the required financial affidavit, the Court is willing to contact the attorneys at Jones Day and Procopio Cory and inquire whether they are prepared to represent Plaintiff. If Plaintiff seeks the Court's assistance, Plaintiff shall provide to the Court the names of these attorneys who are willing to take the case by **February 6, 2015.**

**B.    Motion for a Stay**

Plaintiff also seeks a stay of the proceedings due to her medical condition and attaches a doctor's note. (Dkt. No. 94 (filed under seal).)

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am.Co., 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." Lockyer v. Mirant Corp., 398 F.3d 1098,

1110 (9th Cir. 2005). These interests include: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id.

In balancing the competing interests of the parties, the Court concludes that a stay is not warranted. While the doctor's note states the medical condition of Plaintiff, it does not include "any medical findings or tests to support her condition, any specific doctor's orders or treatment plan that need to take place, and the doctor's prognosis as to when Plaintiff would be able to prosecute her case" as Plaintiff was directed to provide after the stay expired. (See Dkt. No. 87 at 3.) The listed medical conditions of Plaintiff do not demonstrate that she is unable to prosecute her case. While she may have some physical limitations, her ability to prosecute her case, such as drafting briefs or proposed orders, and orally presenting her case, is not limited. Despite her condition, she has been able to prosecute her case as demonstrated by the numerous motions and responses she has filed, *pro se*, over the past couple of years. On the other hand, Defendants have been waiting over four years to have this case prosecuted and as time passes, memories can fade and witnesses may become unavailable. Accordingly, in balancing the competing interests, the Court DENIES Plaintiff's motion to stay the proceedings.

**Conclusion**

Based on the above, the Court DENIES Plaintiff's motion to appoint counsel and motion for a stay.

IT IS SO ORDERED.

DATED: January 29, 2015

HON. GONZALO P. CURIEL
United States District Judge