# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>ROBERT ADAMS, an individual;<br>Officer HERZIG, an individual; CITY<br>OF SAN DIEGO, a government entity;<br>and DOES 1-50, inclusive,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 10cv2599-GPC(BGS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PROSECUTION; SETTING BRIEFING SCHEDULE**<br><br>[Dkt. No. 69.] |

Before the Court is Defendants' motion to dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Defendants argue that this case presents a pattern of "inaction" and "dilatoriness" on the part of Plaintiff.

Federal Rule of Civil Procedure ("Rule") 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). When considering whether to dismiss a case for lack of prosecution, the Court must weigh the following factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan,

779 F.2d 1421, 1423 (9th Cir. 1986)); see also Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984). The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Although preferred, the district court does not need to make explicit findings to show that the factors were considered. Id. The Court has discretion to dismiss for failure to prosecute. Al-Torki v. Kaempen, 78 F.3d 1381 (9th Cir. 1996). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). A dismissal under Rule 41(b), other than for lack of jurisdiction, improper venue, or failure to join a party, operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

Defendants contend that Plaintiff's failure to comply with two court orders of the Magistrate Judge requiring her to submit a brief prior to two mandatory settlement conferences, seeking numerous continuances of hearings the day prior to the hearing, failing to comply with the Court rules requiring her to participate in drafting a proposed pre trial order, and refusing to provide her telephone number to defense counsel justify dismissal under Rule 41(b).

While the first three factors favors dismissal as there is a public interest in expeditious resolution of the case, there is a court's need to manage its docket and there is risk of prejudice to defendants, the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives do not warrant dismissal at this time.

The public policy favoring disposition of cases on their merits usually weighs against dismissal. See In re Phenylpropanolamine Prods. Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006). However, this factor lends little support to a party who impedes progress in moving a case toward disposition on the merits. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). This policy favoring

disposition on the merits is "particularly important in civil rights cases." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

Here, the case has been delayed because Plaintiff has been attempting to obtain another retained counsel but has been unsuccessful. As a result, she sought continuances and a stay of her case in order to retain counsel. Moreover, Plaintiff's health issues have contributed to the delay, including the most recent four month stay that expired on January 23, 2015. She has not willfully impeded progress in this case. Accordingly, this factor does not favor dismissal.

Moreover, there are less drastic alternatives prior to dismissal. The Ninth Circuit evaluates three factors to determine whether a district court has properly considered less drastic alternatives: "(1) Did the [district] court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the [district] court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn plaintiff of the possibility of dismissal before actually ordering dismissal?" Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987).

In this case, the Court has not addressed less drastic alternatives to dismissal since this is the first time dismissal for lack of prosecution has been raised in this case. As such, the Court must pursue less drastic alternatives prior to considering a dismissal for failure to prosecute under Rule 41(b).

Accordingly, after weighing the factors above, the Court DENIES Defendants' motion to dismiss for lack of prosecution pursuant to Rule 41(b).

The Court recognizes that this case is over four years old and now seeks to have this case proceed to trial. Plaintiff is directed to comply with the following requirements under Civil Local Rules and the Federal Rules of Civil Procedure. Accordingly, IT IS HEREBY ORDERED that:

1. Defense Counsel and Plaintiff shall meet together and take the action required by Local Rule 16.1(f)(4) on or before **March 6, 2015.** At this meeting, the parties shall

discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. The parties shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). The parties shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Defense Counsel and Plaintiff shall cooperate in the preparation of the proposed pretrial conference order.

2. The proposed final pretrial conference order, including objections they have to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures, shall be prepared, served and e-mailed by Defense Counsel to chamber's email at efile_curiel@casd.uscourts.gov in Word or WordPerfect format on or before **March 13, 2015.**

3. A pretrial conference shall be held on **March 20, 2015 at 1:30 p.m.** in Courtroom 2D.

Plaintiff is advised that if she fails to comply with the Court's order and/or with the requirements of the Civil Local Rules and Federal Rules of Civil Procedure, this action may be subject to dismissal for failure to prosecute pursuant to Rule 41(b).

IT IS SO ORDERED.

DATED: January 29, 2015

HON. GONZALO P. CURIEL
United States District Judge