# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER, an individual,<br><br>                          Plaintiff,<br>  vs.<br><br>ROBERT ADAMS, an individual; Officer HERZIG, an individual; CITY OF SAN DIEGO, a government entity; and DOES 1-50, inclusive,<br><br>                          Defendant. | CASE NO. 10cv2599-GPC(BGS)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STAY CASE AND GRANTING PLAINTIFF'S REQUEST TO FILE DOCUMENTS UNDER SEAL**<br><br>[Dkt. No. 111.] |

On June 24, 2015, the Court received a facsimile from Plaintiff requesting a four month stay of the case due to her medical condition and a request to seal the attached medical records. (Dkt. No. 111.) In her request, Plaintiff alleges that she is unable to complete the "motion and declaration under oath in support of motion to proceed in forma pauperis form" ("motion and declaration") to demonstrate she is entitled to appointment of counsel because of her medical condition and attaches medical records which she seeks to seal. (Id.) A hearing to address the issue of the motion and declaration was scheduled on June 25, 2015. (Dkt. No. 109.)

Previously, in its order filed on May 13, 2015, the Court noted that the motion and declaration is a straight-forward, self-explanatory three page form, with many
- 1 -        [10cv2599-GPC(BGS)]

1 questions just requiring a check mark, that is easy to fill out.[1]  (Dkt. No. 95.)  Based on Ninth Circuit authority, the Court cannot consider Plaintiff's request for appointment of counsel without a factual inquiry into Plaintiff's financial condition. See <u>Johnson v. U.S. Dept. of Treasury</u>, 939 F.2d 820, 824 (9th Cir. 1991); <u>United States v. McQuade</u>, 647 F.2d 938, 940 (1981).  While Plaintiff seeks appointment of counsel, she has failed to comply with the requirement of submitting a financial affidavit.

Due to Plaintiff's allegation that she is unable to fill out the motion and declaration, the Court **vacates** the July 25, 2015 hearing, and GRANTS Plaintiff's request for a short stay until **July 31, 2015.**  Plaintiff shall then file the completed motion and declaration on or before **August 4, 2015.** If Plaintiff is unable to complete the motion and declaration by August 4, 2014, the Court will accommodate Plaintiff's alleged inability to fill out the form and set a *telephonic* hearing where the Court will ask Plaintiff, under oath, to answer verbally the questions in the motion and declaration.  In the event that Plaintiff is unable to file the financial declaration by August 4, 2014, the telephonic hearing will be held on **August 6, 2015 at 1:00 p.m**  Plaintiff is directed to telephonically contact the Court at **619-557-7667 at 1:00 p.m.** at which point the Court will set up a teleconference with defense counsel.

In addition, the Court finds good cause and GRANTS Plaintiff's request to file the attached documents of her letter under seal.

Lastly, the instant request was submitted to the Court by facsimile without a proof of service.  The Court INSTRUCTS Plaintiff to make any future filings with the Clerk of Court either in person, or by mail.  Plaintiff's facsimile to the Court is an improper *ex parte* communication pursuant to Civil Local Rule 83.9 ("attorneys or

---

[1] In its previous order, the Court also stated that despite Plaintiff's allegation that she is unable to read the Court's IFP form, in February 2015, Plaintiff was able to complete the request for fee waiver in her state court case which appears to be more burdensome than the Court's IFP financial affidavit form.  Even though Plaintiff appears to have completed the request for fee waiver in state court, she has not offered the completed state fee waiver request to this Court for its consideration. (Dkt. No. 106 at 3.)

parties to any action or proceeding must refrain from writing letters to the judge, or otherwise communicating with the judge unless opposing counsel is present. All matters to be called to a judge's attention should be formally submitted as hereinafter provided.")  Plaintiff is directed to file matters according to the Local Rules and Federal Rule of Civil Procedure, and not by facsimile.  Any further *ex parte* communications, or submissions by facsimile will be rejected.

IT IS SO ORDERED.

DATED:  June 25, 2015

HON. GONZALO P. CURIEL
United States District Judge