UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER,<br><br>                Plaintiff,<br><br>vs.<br><br>ROBERT ADAMS, et al.,<br><br>                Defendants. | Case No.   10cv2599 GPC (BGS)<br><br>**ORDER APPOINTING PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. CAL. GEN. ORDER 596** |

Nicole Chaker ("Plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983 in December 2010 with the assistance of counsel, then proceeded in *pro se* since October 10, 2012, after her Motion for Partial Summary Judgment was denied in part (ECF Doc. No. 26), and her counsel was granted permission to withdraw (ECF Doc. No. 38). On May 12, 2014, the Court appointed Stephen P. White as Pro Bono Counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e)(1) and S.D. Cal. General Order 596. (ECF Doc. No. 71.) At a hearing on July 16, 2014, the Court granted Attorney White's motion to be relieved as pro bono counsel. (ECF Doc. Nos. 72, 74.)

Since then, Plaintiff has continued to seek appointment of another pro bono counsel. (ECF Doc. Nos. 83, 93, 99, 102, 105.) In response, the Court indicated that she needed to submit a "motion and declaration under oath in support of motion to proceed

in forma pauperis"[1] before the Court could consider an appointment of counsel under 28 U.S.C. § 1915(e)(1). (ECF Doc. No. 84.) Based on Plaintiff's responses at the order to show cause hearing on September 25, 2015, the Court granted Plaintiff in forma pauperis status.

Plaintiff filed numerous motions to appoint counsel arguing that her disability, inability to afford an attorney, the complexity of the case, and lack of legal training warranted such an appointment. (ECF Doc. Nos. 83, 93, 99, 102, 105.) Since August 15, 2014, Plaintiff has indicated that she has been unable to appear in court or submit the requested financial forms due to her physical ailments. (ECF Doc. Nos. 105, 108, 111.) She has also provided her physician's notes in support. (ECF Doc. Nos. 85, 94, 114.) Moreover, due to her physical ailments, she appeared telephonically at the most recent hearing. (Dkt. No. 118.)

While there is no right to counsel in a civil action, as noted above, the district court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

In order to provide for counsel under the circumstances prescribed by 28 U.S.C. § 1915(e)(1), this Court has established a "Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," which was adopted by the Judges of this District on August 3, 2011 pursuant to S.D. Cal. Gen. Order No. 596. The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See* S.D. Cal. Gen. Order 596. In addition, "nothing [in the

---

[1] In the Court's prior order appointing pro bono counsel, the Court assumed that Plaintiff had met the indigent standard required to appoint counsel under 28 U.S.C. § 1915(e)(1).

Plan] prevents the assigned judge from appointing counsel if it is apparent from the pleadings and other materials before the Court that the *pro se* civil plaintiff has mental or other disabilities substantially interfering with his or her ability to present the factual and legal claims and making an appropriate application for appointment of counsel." *See id.* While Plaintiff is not a prisoner, she is proceeding in *pro se*, summary judgment has been partially denied, her medical condition has prevented her from prosecuting her case, and it has become clear that Plaintiff is unable to proceed further without assistance. Therefore, the Court has now concluded that the ends of justice will be served by the appointment of pro bono counsel under the circumstances presented in this case. *Id.*

Accordingly, pursuant to both 28 U.S.C. § 1915(e)(1) and General Order 596, the Court has randomly selected the San Diego County Volunteer Lawyer Program ("SDVLP") from the Court's Pro Bono Panel to assist in finding a volunteer attorney to represent Plaintiff during the course of all further proceedings before this Court. *See* S.D. Cal. General Order No. 596. On November 20, 2015, SDVLP successfully located local volunteer counsel who has accepted appointment on her behalf.

**Conclusion and Order**

Accordingly, the Court hereby APPOINTS Truc T. Do of Jones Day, 12265 El Camino Real, Suite 300, San Diego, California 92130, as pro bono counsel for Plaintiff. Since Plaintiff does not have a contact number on the docket, the Court DIRECTS Plaintiff to contact Attorney Do at 858-314-1120.

Pursuant to S.D. CAL. CIVLR 83.3(g)(2), Pro Bono Counsel shall file, within fourteen (14) days of this Order if possible, a formal written Notice of Substitution of Attorney signed by both Plaintiff and her newly appointed counsel. Such substitution shall be considered approved by the Court upon its filing, and Pro Bono Counsel shall thereafter be considered attorney of record for Plaintiff for all purposes *during further proceedings before this Court and in this matter only*. *See* S.D. CAL. CIVLR 83.3(g)(1), (2).

1      Finally, the Court DIRECTS the Clerk of the Court to serve Ms. Truc T. Do with a copy of this Order at the address listed above upon filing. *See* S.D. Cal. CivLR 83.3(f)(2). The Court further DIRECTS the Clerk to serve a courtesy copy of this Order upon Parisa Ijadi-Maghsoodi, San Diego County Volunteer Lawyer Program, 707 West Broadway, Suite 1400, San Diego, CA 92101.

     IT IS SO ORDERED.

DATED: December 2, 2015

HON. GONZALO P. CURIEL
United States District Judge