# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT ADAMS, an individual; Officer HERZIG, an individual; CITY OF SAN DIEGO, a government entity; and DOES 1-50, inclusive <br><br> Defendants. | CASE NO. 10cv2599-GPC(BGS) <br><br> **ORDER GRANTING MOTION TO WITHDRAW AS APPOINTED PRO BONO COUNSEL FOR PLAINTIFF; AND DENYING PLAINTIFF'S REQUEST FOR STAY** <br><br> [Dkt. Nos. 122, 126.] |

Before the Court is San Diego County Volunteer Lawyer Program ("SDVLP") and its volunteer attorney Truc Do's motion to withdraw as appointed pro bono counsel for Plaintiff Nicole Chaker. (Dkt. No. 122.)  No opposition has been filed. A hearing was held on March 11, 2016. (Dkt. No. 127.) Appointed counsel Truc Do, Esq. appeared as well as defense counsel Stacy Plotkin-Wolff, Esq. Plaintiff did not appear.

Instead of filing an opposition, Plaintiff filed a request for a stay. (Dkt. No. 126.) The request for a stay does not address the motion to withdraw as pro bono counsel. Based on the reasoning below, the Court GRANTS SDVLP and Attorney Do's unopposed motion to withdraw as appointed pro bono counsel, and also DENIES Plaintiff's request for a stay.

**Discussion**

"An attorney may not withdraw as counsel except by leave of court." <u>Darby v. City of Torrance</u>, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. See <u>La Grand v. Stewart</u>, 133 F.3d 1253, 1269 (9th Cir. 1998); <u>Stewart v. Boeing Co.</u>, No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. <u>Curtis v. Illumination Arts, Inc.</u>, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); <u>Deal v. Countrywide Home Loans</u>, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Rule 3-700 of the California Rules of Professional Conduct of the State Bar of California provides that an attorney may request a withdrawal if it is unreasonably difficult for counsel to carry out his employment effectively. Cal. R. Prof. Conduct 3-700(C).

According to the motion to withdraw, Truc Do's firm, Jones Day, has spent about two full months attempting to contact Plaintiff with no success. (Dkt. No. 122.) Jones Day has tried contacting her by U.S. certified mail but it was returned unopened, has tried to locate Plaintiff's telephone number, which she has declined to provide the Court, without success, and has even personally tried to visit her at her home but no one answered the door, although it sounded like the house was occupied. (<u>Id.</u>) In a supplemental status report, counsel wrote that on February 3, 2016, Plaintiff left two voicemail messages both of which were mostly incoherent and questioned whether she was actually an attorney and seemed to allude that she was part of a larger conspiracy with the police and the District Attorney's Office against her. (Dkt. No. 124.) Later that day, Plaintiff called Jones Day and spoke with the Office Administrator. Although it

1  was obvious who she was, Plaintiff refused to identify herself, referenced Jones Day's
2  letter requesting withdrawal and repeatedly asked whether Truc Do was really an
3  attorney.  (Id.)  Due to her aggressive nature and refusal to provide identifying
4  information, the Administrator did not divulge any information about Attorney Do. (Id.)
5  Plaintiff became increasingly aggressive and finally hung up after telling the
6  Administrator, "fuck off, asshole."  (Id.)

7  Plaintiff initiated this civil rights action pursuant to 42 U.S.C. §1983 on
8  December 17, 2010 with the assistance of counsel. (Dkt. No. 1.) On October 10, 2012,
9  the Court granted Plaintiff's counsel's motion to withdraw. (Dkt. No. 38.)  Since that
10 date, for over three years, the Court has granted numerous requests for a stay and
11 continuances in order to allow Plaintiff to obtain alternate counsel and her alleged
12 inability to prosecute due to her medical condition.  During that time, on May 12, 2014,
13 the Court appointed pro bono counsel, Dkt. No. 71; however, due to an actual conflict,
14 including persistent and irreconcilable differences and a communication breakdown, the
15 Court granted pro bono counsel's motion to withdraw at a hearing on July 16, 2014.

16 Then, on December 9, 2015, the Court appointed San Diego Volunteer Lawyer
17 as pro bono counsel. (Dkt. No. 121.)  Volunteer lawyer, Truc Do, an attorney at a
18 reputable international law firm, agreed to represent Plaintiff.  However, due to an
19 inability to contact Plaintiff and communication breakdown between Plaintiff and
20 counsel's firm, the Court finds it appropriate to grant appointed counsel's motion to
21 withdraw.

22 Based on the moving papers and a review of the case, the Court concludes that
23 the withdrawal will not prejudice litigants, harm the administration of justice or unduly
24 delay the resolution of the case.  Based on the above, the Court GRANTS SDLVP and
25 its volunteer Attorney Truc Do's motion to withdraw as appointed pro bono counsel for
26 Plaintiff.

27 On March 7, 2016, Plaintiff filed a request for a stay for good cause. (Dkt. No.
28 126.)  The request provides no reason, let alone good cause, for a stay of the case.

1  Accordingly, the Court DENIES Plaintiff's request for a stay.
2      IT IS SO ORDERED.
3
4  DATED: March 14, 2016

*(signature)*
HON. GONZALO P. CURIEL
United States District Judge