1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9             **SOUTHERN DISTRICT OF CALIFORNIA**

10   NICOLE CHAKER, an individual,        CASE NO. 10cv2599-GPC(BGS)

11                          Plaintiff,

12        vs.                            **ORDER DISMISSING CASE WITH PREJUDICE FOR FAILING TO COMPLY WITH THE COURT'S ORDER; DENYING PLAINTIFF'S REQUEST FOR A STAY**
13
14   ROBERT ADAMS, an individual;
     Officer HERZIG, an individual; CITY
15   OF SAN DIEGO, a government entity;    [Dkt. No. 136.]
     and DOES 1-50, inclusive,
16
                             Defendant.
17

18        On April 22, 2016, a pretrial conference was held.  (Dkt. No. 134.)  Stacy

19   Plotkin-Wolff, Esq.  appeared on behalf of Defendants.  Plaintiff did not appear.[1]  In

20   an order filed on March 14, 2016, the Court ordered that the parties submit a proposed

21   final pretrial conference order and advised Plaintiff to cooperate with defense counsel

22   in preparing for the pretrial order.  (Dkt. No. 129 at 2.)  On April 15, 2016, a pretrial

23   order ("PTO") was submitted by Defendants without any input or cooperation by

24   Plaintiff.  At the pretrial conference, the Court DISMISSED the case for Plaintiff's

25   continued failure to comply with Court orders.  The Court provides the factual and

26   _____

27        [1]On April 22, 2016, the Court received a request for a stay.  (Dkt. No. 136.)  At the hearing the Court denied Plaintiff's request for a stay since Plaintiff did not demonstrate good cause for a stay and did not provide supporting medical
28   documentation to support her allegation of being "too much in pain." (Dkt. No. 136 at 5.)

1    legal bases for its reasoning for dismissing the case.

2                                    **Background**

3           Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 on
4    December 17, 2010 with the assistance of counsel. (Dkt. No. 1.)  On August 3, 2012,
5    District Judge Janis Sammartino denied in part Plaintiff's motion for partial summary
6    judgment.  (Dkt. No. 26.)  On August 24, 2012, Plaintiff's counsel filed a motion to
7    withdraw as counsel. (Dkt. No. 28.) On August 27, 2012, Plaintiff, with counsel, filed
8    a joint motion to continue the PTC and related dates.  (Dkt. No. 32.) On August 28,
9    2012, the Court granted the parties' joint motion to continue the dates in the case and
10   vacated the pretrial conference until after the Court ruled on the pending motion to
11   withdraw.  (Dkt. No. 34.)

12          On October 9, 2012, the case was transferred to the undersigned judge.  (Dkt.
13   No. 37.)   On October 10, 2012, the Court granted Plaintiff counsel's motion to
14   withdraw as attorney.  (Dkt. No. 38.)  In that order, Plaintiff was granted a sixty-day
15   stay of the proceedings to permit her to obtain alternate counsel and the Court set a
16   status hearing on December 14, 2012. (Id.) The Court then granted Plaintiff's ex parte
17   motion to continue the status hearing to March 15, 2013.  (Dkt. No. 41.)  At the status
18   hearing, Plaintiff indicated she had not yet obtained counsel and requested additional
19   time. (Dkt. No. 42.)  At another status hearing on May 17, 2013, the Court stayed the
20   case pending Plaintiff's evaluation of her alleged disability.  (Dkt. No. 48.)   On
21   September 13, 2013, another status hearing was held where the Court lifted the stay and
22   referred the case to the Magistrate Judge for settlement. (Dkt. No. 51.) At the hearing,
23   the Court also set a pretrial conference date on January 17, 2014.  (Dkt. No. 51.)  On
24   September 13, 2013, Plaintiff filed a motion to appoint counsel which the Court denied.
25   (Dkt. Nos. 52, 53.)

26          Pursuant to the Court's order, on January 10, 2014, defense counsel submitted
27   a pretrial order.  The pretrial order noted that Defendants have been unable to get
28   Plaintiff's input or cooperation in preparing the pretrial order.  (Dkt. No. 54 at 7.)

On January 16, 2014, the Court continued the pretrial conference from January 17, 2014 to April 18, 2014 due to the mandatory settlement conference, and then again to July 25, 2014.  (Dkt. Nos. 62, 66.)  On April 1, 2014, a mandatory settlement conference was held and the case did not settle.  (Dkt. No. 65.)  On April 28, 2014, Defendants filed a motion to dismiss for lack of prosecution.  (Dkt. No. 69.)

On May 12, 2014, the Court appointed Stephen P. White as Pro Bono Counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e)(1) and S.D. Cal. General Order 596.  (Dkt. No. 71.)  But on June 25, 2014, White filed a motion to withdraw as pro bono counsel for Plaintiff.  (Dkt. No. 72.)  At the hearing on July 16, 2014, the Court granted Mr. White's motion to be relieved as pro bono counsel.  (Dkt. No. 74.)

On July 17, 2014, in light of the fact that Plaintiff was proceeding *pro se*, the Court continued the dates in the case as well as the pretrial conference to August 29, 2014 with a schedule to comply with pretrial disclosure requirements under Federal Rule of Civil Procedure ("Rule") 26(a)(3).  (Dkt. No. 79.)  The Court also advised Plaintiff to cooperate with defense counsel concerning the pretrial requirements.  (Id.)  The Court also set another briefing schedule on Defendants' motion to dismiss for lack of prosecution.  (Id.)  On August 8, 2014, Defendants filed its pretrial disclosures pursuant to Rule 26(a)(3).  (Dkt. No. 82.)  Plaintiff did not.

On August 15, 2014, Plaintiff filed an *ex parte* motion to appoint another pro bono counsel and motion to stay due to her medical condition.  (Dkt. No. 83.)  In response, the Court noted that in its prior order appointing pro bono counsel, the Court assumed that Plaintiff had met the indigent standard required to appoint counsel under 28 U.S.C. § 1915(e)(1).[2]  (Dkt. No. 84.)  Since the docket did not reflect that Plaintiff was indigent, the Court directed Plaintiff, by September 5, 2014, to file a sworn financial affidavit ("IFP form") which the Clerk of Court attached to the Court's order.

---

[2]The Court notes that this was overlooked due to the fact that Plaintiff had retained counsel when she initially filed the complaint. As such, Plaintiff did not file a motion for *in forma pauperis* when the complaint was filed as is the case with most *pro se* plaintiffs seeking appointment of counsel in civil rights cases.

[10cv2599-GPC(BGS)]

1   (Id.)  Plaintiff did not file a financial affidavit by the deadline.

2        Therefore, on September 26, 2014, the Court denied Plaintiff's motion to appoint

3   counsel for failing to demonstrate she is indigent pursuant to 28 U.S.C. § 1915(e)(1)

4   by submitting the IFP form.  (Dkt. No. 87.)  However, in the order, the Court granted

5   Plaintiff's motion to stay for four months due to her claim of a medical condition and

6   a doctor's letter recommending a four month stay.  (Id. at 3.)  In that order, the Court

7   also instructed Plaintiff to provide an update, by January 28, 2015, on her medical

8   condition and whether she can prosecute her case.  (Id.)  If she was unable to proceed,

9   Plaintiff was directed to also provide "a doctor's note specifically stating her medical

10  condition, including any medical findings or tests to support her condition, any specific

11  doctor's orders or treatment plan that need to take place, and the doctor's prognosis as

12  to when Plaintiff would be able to prosecute her case."  (Id.)  Plaintiff failed to provide

13  the information directed by the Court by January 28, 2015.

14       The stay expired on January 23, 2015.  On January 23, 2015, Plaintiff filed a

15  motion to recuse the undersigned judge which was denied.  (Dkt. Nos. 89, 90.)  She

16  also filed another motion to appoint counsel and motion for stay arguing that the

17  financial affidavit form was too burdensome due to her poor eyesight and to consider

18  an order granting a request to waive court fees filed in a state court case in 2012.  (Dkt.

19  No. 93.)  In that motion, Plaintiff submitted a doctor's note dated December 24, 2014

20  providing some information as to Plaintiff's condition.  (Dkt. No. 94 (under SEAL).)

21       On January 29, 2015, the Court denied Plaintiff's motion to appoint counsel and

22  motion for stay.  (Dkt. No. 95.)   The Court explained that the order granting a fee

23  waiver request in 2012 was not recent and provided no indication as to her financial

24  condition.  (Id.)  The Court also concluded that the financial affidavit form was not

25  burdensome but a simple straight-forward, self-explanatory three page form, with many

26  questions just requiring a check mark, that is easy to fill out.  (Id.)  The Court further

27  denied Plaintiff's motion for a stay because while she submitted a doctor's note dated

28  December 24, 2014, it did not include any specific medical findings, or treatment plan

[10cv2599-GPC(BGS)]

1    or doctor's prognosis as to when Plaintiff would be able to prosecute her case. (Id. at
2    5.)  The Court noted that while she may have some physical limitations, her ability to
3    prosecute her case, as demonstrated by her numerous motions/requests and responses
4    over the past few years, has not been limited. (Id.)

5          On January 29, 2015, the Court also denied Defendants' motion to dismiss for
6    lack of prosecution and set a pretrial conference on March 20, 2015 with related dates.
7    (Dkt. No. 96.) The Court provided Plaintiff a warning stating, "Plaintiff is advised that
8    if she fails to comply with the Court's order and/or with the requirements of the Civil
9    Local Rules and Federal Rules of Civil Procedure, this action may be subject to
10   dismissal for failure to prosecute pursuant to Rule 41(b)." (Id.)

11         On March 13, 2015, defense counsel submitted a second proposed pretrial order
12   noting that Plaintiff had not provided any input or cooperation in the pretrial order.
13   On March 20, 2015, a pretrial conference was held. (Dkt. No. 97.) Defense counsel
14   appeared but Plaintiff did not appear. (Id.) Defense counsel stated that Plaintiff did
15   not assist in preparing the pretrial order. The Court set an order to show cause why the
16   case should not be dismissed on April 10, 2015. (Id.) Responses to the OSC was due
17   on April 3, 2015. (Id.)

18         On April 1, 2015, in an attempt to respond to the OSC, Plaintiff filed a
19   supplemental exhibit in support of her motion to appoint counsel and other documents
20   in support of her response to the OSC. (Dkt. Nos. 99, 102, 105). However, the April
21   1, 2015 filing did not address why she failed to appear at the pretrial conference and
22   why she failed to meet with counsel in preparing the proposed pretrial conference
23   order.  On April 10, 2016, the Court held an order to show causing why the case
24   should not be dismissed. (Dkt. No. 103.) Defense counsel appeared and Plaintiff did
25   not. Prior to the hearing, Plaintiff called chambers to inform the Court that she would
26   not appear because she was ill. (Id.) She did not file a request to continue the hearing
27   or any response to the order to show cause hearing.

28         On May 13, 2015, the Court issued an order re appointment of counsel. (Dkt.

No. 106.)  The Court explained that Plaintiff needed to submit documents as to her financial condition to demonstrate she is unable to afford counsel, a requirement for appointment of counsel. See 28 U.S.C. § 1915(e)(1). While Plaintiff again asked the Court to consider a state court order granting Plaintiff's request for fee waiver, the order provided no information on her financial condition. The Court directed the Clerk of Court to send Plaintiff another IFP form and directed Plaintiff to file the IFP form by May 29, 2015 or if she was unable to fill out the form, to provide proof of the existence of a disability. (Id.)

On June 3, 2015, Plaintiff filed a motion to continue the deadline by two weeks. (Dkt. No. 108.) On June 4, 2015, the Court granted Plaintiff's motion and directed she complete the IFP form by June 25, 2015 and set a hearing on that date. (Dkt. No. 109.) On June 24, 2015, Plaintiff filed a request to continue deadlines and the hearing. (Dkt. No. 111.) On June 25, 2015, the Court granted in part her motion to stay, vacated the hearing date, and granted a short stay until July 31, 2015, and directed Plaintiff to complete the IFP form by August 4, 2015. (Dkt. No. 113.)  The Court noted that if Plaintiff was unable to file the financial declaration by August 4, a telephonic hearing would be held on August 6, 2015. (Id.) Plaintiff did not file a financial declaration so a telephonic hearing was held on August 6, 2015. (Dkt. No. 116.)  Plaintiff did not appear but defense counsel appeared telephonically. (Id.) On August 7, 2015, the Court issued an order to show cause hearing why the Plaintiff should not be sanctioned or the case dismissed for failing to comply with a court order. (Dkt. No. 117.)  On September 25, 2015, a hearing was held on the order to show cause and Plaintiff appeared telephonically while defense counsel appeared in person. (Dkt. No. 118.) At the hearing, Plaintiff was asked questions off the IFP form and answered them.  As a result, on December 1, 2015, the Court dissolved the order to show cause and granted Plaintiff IFP status.  (Dkt. No. 119.)  In addition, on December 2, 2015, the Court appointed Truc T. Do ("Attorney Do"), of Jones Day from the San Diego County Volunteer Lawyer Program. (Dkt. No. 121.)  However, on February 1, 2016, Attorney

Do filed a motion to withdraw as attorney without having yet met with Plaintiff. (Dkt. No. 122.)  Attorney Do indicated that she made every possible effort to contact Plaintiff, including going to her place of residence, but had been unable to contact Plaintiff.  It was particularly difficult because Plaintiff refuses to give her phone number to anyone, including the Court.  On February 5, 2016, Attorney Do filed a status report regarding two voicemail messages left by Plaintiff that were incoherent and made reference to Do being part of a larger conspiracy with the police and District Attorney's office.  In addition, Do's firm's office administrator talked with Plaintiff and during the conversation, Plaintiff grew increasingly aggressive and used profanities when she hung up the phone. (Dkt. No. 124.)  On March 7, 2016, Plaintiff filed a motion for stay. (Dkt. No. 126.)

On March 11, 2016, a hearing was held on the motion to withdraw as appointed pro bono counsel for Plaintiff.  (Dkt. No. 127.)  Attorney Do and defense counsel appeared. (Id.)  Plaintiff did not appear. (Id.)  On March 14, 2016, the Court granted the motion to withdraw and denied Plaintiff's request for a stay. (Dkt. No. 128.)  The Court also set a date for a pretrial conference, and related dates to prepare the PTO. (Dkt. No. 129.)  In that order, the Court advised Plaintiff to cooperate with defense counsel and to comply with pretrial requirements. (Id.)  The Court also warned that "[f]ailure to comply with the Court's order may subject the case to dismissal." (Id.)

Defense counsel submitted a third PTO on April 15, 2016 indicating that Plaintiff did not participate in the preparing of the PTO.  At the pretrial conference hearing, defense counsel indicated that she sent Plaintiff three letters.  One letter advised Plaintiff of the Court's order setting the pretrial conference filed on March 14, 2016, and a copy of the Local Rules regarding compliance with Local Rule 16 concerning the PTO.  Another letter was sent to schedule a conference to meet and confer pursuant to the Court's order.  The third letter contained the proposed PTO. Plaintiff did not respond to Defendant's letters.  Plaintiff did not attend the pretrial conference hearing.  After years of delays and Plaintiff's continued failure to comply

1   with Court orders, the Court dismissed the action.

2                                    **Discussion**

3   **A.      Legal Standard on Dismissal for Failure to Comply with Court Order**

4           District courts have the inherent power to control their dockets and in exercising

5   that power, they may impose sanctions which includes dismissal of the case.  <u>Ferdik</u>

6   <u>v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing <u>Thompson v. Hous. Auth.</u>, 782

7   F.2d 829, 831 (9th Cir.), <u>cert. denied</u>, 479 U.S. 829 (1986)).  The Federal Rules of Civil

8   Procedure also provide for dismissal of a case for a party's failure to comply with a

9   court order.  Rule 16(f) states that a district court, on motion or on its own, may issue

10  sanctions as provided in Rule 37(b)(2)(A)(ii)-(vii) if a party "fails to obey a scheduling

11  or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).  Rule 37(b)(2)(A)(v) provides that

12  an action may be dismissed in whole or in part.  Fed. R. Civ. P. 37(b)(2)(A)(v).  In

13  addition, Rule 41(b) allows the district court to dismiss an action for failing to comply

14  with a court order.  <u>Ferdik</u>, 963 at 1260; Fed. R. Civ. P. 41(b).  The standard for

15  dismissal under both these rules are "basically the same."  <u>Malone v. U.S. Postal Serv.</u>,

16  833 F.2d 128, 130 (9th Cir. 1987).  The court has discretion when dismissing a case

17  with prejudice.  <u>Id.</u> at 130.  However, since dismissal is a harsh penalty, it should

18  imposed only in extreme circumstances.  <u>Ferdik</u>, 963 F.2d at 1260.

19          A district court must weigh five factors in determining whether to dismiss a case

20  for failure to comply with a court order: "(1) the public's interest in expeditious

21  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

22  prejudice to the defendants; (4) the public policy favoring disposition of cases on their

23  merits; and (5) the availability of less drastic sanctions."  <u>Ferdik</u>, 963 F.2d at 1258

24  (quoting <u>Thompson</u>, 782 F.2d at 831).  It is not necessary, although it is preferred, for

25  a district court to make explicit findings to show that it has considered these factors.

26  <u>Id.</u> (citing <u>Malone</u>, 833 F.2d at 130; <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th

27  Cir. 1986)).  These factors are "not a series of conditions precedent before the judge

28  can do anything," but a "way for a district judge to think about what to do."  <u>Valley</u>

1  Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

2        **1.     Public's interest in expeditious resolution of the case and the Court's**
3  **need to manage its docket**

4        The first two factors are usually reviewed together.  In re Phenylpropanolamine
5   (PPA) Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006).  "The
6  public's interest in expeditious resolution of litigation always favors dismissal."
7  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir.1999).  The public has an interest
8  in securing "the just, speedy, and inexpensive determination of every action."  Fed. R.
9  Civ. P. 1.  "Orderly and expeditious resolution of disputes is of great importance to the
10 rule of law."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
11 at 1227.   Similarly, a delay in reaching the merits "is costly in money, memory,
12 manageability, and confidence in the process."  Id.  In addition, the Court has the
13 inherent power to control its own docket and may impose sanctions in exercising its
14 inherent power.  Ferdik, 963 F.2d at 1260.

15       This case has been pending for over five years.  The case was transferred to the
16 undersigned judge in October 2012 and case is in the same procedural state as it was
17 when the case was transferred over three years ago.  Despite the Court's numerous
18 attempts to move the case along to trial, Plaintiff's conduct has impeded resolution of
19 the case.  These factors favor dismissal.

20       **2.     Prejudice to Defendants**

21       As to prejudice, a court must "examine whether the plaintiff's actions impair the
22 defendant's ability to go to trial or threaten to interfere with the rightful decision of the
23 case."  Malone, 833 F.2d at 131.  "[T]he failure to prosecute diligently is sufficient by
24 itself to justify a dismissal, even in the absence of a showing of actual prejudice to the
25 defendant from the failure.   The law presumes injury from unreasonable delay.
26 However, this presumption of prejudice is a rebuttable one and if there is a showing
27 that no actual prejudice occurred, that factor should be considered when determining
28 whether the trial court exercised sound discretion."  In re Eisen, 31 F.3d 1447, 1453

1 (9th Cir. 1994) (quoting <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522 (9th Cir. 1976)
2 (citations omitted)).

3      Here, the case has been unreasonably delayed by Plaintiff creating a presumption
4 of prejudice which she has failed to rebut.  <u>See</u> <u>id.</u>  This factor also favors dismissal.

5      **3.**     **Public policy favoring disposition on the merits**

6      While public policy favors disposition of cases on the merits, if a case is
7 unreasonably delayed by the plaintiff's failure to comply with deadlines, a case cannot
8 move towards resolution on the merits.  <u>In re Phenylpropanolamine (PPA) Products</u>
9 <u>Liability Litigation</u>, 460 F.3d at 1228.  It is the "responsibility of the moving party to
10 move toward disposition on the merits at a reasonable pace."  <u>Morris v. Morgan</u>
11 <u>Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991).

12      Here, Plaintiff's inaction of failing to comply with Court deadlines on numerous
13 occasions has hindered resolution of the case on the merits and this factor weighs in
14 favor of dismissal.  Most recently, she failed to comply with the Court's order filed on
15 March 14, 2016 requiring parties to comply with pretrial disclosure requirements, to
16 prepare a proposed PTO and to appear at the PTC.  (Dkt. No. 129.)  A year ago, on
17 March 20, 2015 she failed to file pretrial disclosures, and meet with counsel in
18 preparing the PTO, and failed to appear at the PTC.  (Dkt. No. 97.)  On August 7, 2015,
19 an order to show cause hearing was set for Plaintiff's failure to comply with a court
20 order.  (Dkt. No. 117.)  Plaintiff has unreasonably delayed the proceedings toward
21 disposition on the merits.  This factor weighs in favor of dismissal.

22      **4.**     **Availability of less drastic alternatives**

23      "The district court abuses its discretion if it imposes a sanction of dismissal
24 without first considering the impact of the sanction and the adequacy of less drastic
25 sanctions."  <u>Malone</u>, 833 F.2d at 131-32 (quoting <u>United States v. Nat'l Medical</u>
26 <u>Enters., Inc.</u>, 792 F.2d 906, 912 (9th Cir. 1986)).  "Our case law reveals that the
27 following factors are of particular relevance in determining whether a district court has
28 considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility

of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" Id. at 132.  However, "explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." Id.

In Anderson v. Air West, Inc., 542 F.2d 522 (9th Cir. 1976), the Ninth Circuit noted that "[t]here is no requirement that every single alternate remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required." Id. at 525.  Moreover, a district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; see also Malone, 833 F.2d at 132-33.

Here, the Court has exhausted all possible less drastic alternatives and has warned Plaintiff of the consequences of dismissal if she failed to comply with the Court's order.  The Court appointed Plaintiff pro bono counsel two times to assist her in prosecuting the case based on her allegations of a disability.  However, both times pro bono counsel filed a motion to withdraw which were granted.  The Court has also granted numerous continuances and stays in the case to allow Plaintiff an opportunity to find alternate counsel to no avail.  The Court has explored and implemented meaningful alternatives to dismissal.

In addition, the Court warned Plaintiff of the consequences if she failed to comply with the Court's order.  On January 29, 2015, the Court denied Defendants' motion to dismiss for lack of prosecution and set dates for pretrial disclosures and set a pretrial conference on March 20, 2015. (Dkt. No. 96.)  In that order, the Court wrote, "Plaintiff is advised that if she fails to comply with the Court's order and/or with the requirements of the Civil Local Rules and Federal Rules of Civil Procedure, this action may be subject to dismissal for failure to prosecute pursuant to Rule 41(b)." (Id.)  In

[10cv2599-GPC(BGS)]

the order setting the instant pretrial conference, the Court again warned Plaintiff that the case may be subject to dismissal if she failed to comply with the pretrial disclosure requirements.   (Dkt. No. 129.)   These warnings satisfy the "consideration of alternatives" requirement. See Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33.

Based on all the factors stated above, the Court concludes that dismissal is warranted for Plaintiff's continual failure to comply with Court orders which has impeded the expeditious resolution of the case.

**Conclusion**

Based on the above, the Court DISMISSES the first amended complaint with prejudice.  The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED:  April 26, 2016

HON. GONZALO P. CURIEL
United States District Judge