# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CHAKER, an individual,<br><br>                    Plaintiff,<br>vs.<br><br>ROBERT ADAMS, an individual; Officer HERZIG, an individual; CITY OF SAN DIEGO, a government entity; and DOES 1-50, inclusive<br><br>                    Defendants. | CASE NO. 10cv2599-GPC(BGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Dkt. Nos. 141, 142.]** |

On May 10, 2016, Plaintiff filed a motion for reconsideration of the Court's order, filed on April 26, 2016, (Dkt. No. 140), dismissing the case. (Dkt. Nos. 141, 142.)

A motion for reconsideration is "appropriate if the district court is provided with (1) newly discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made

thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R. 7.1(i)(1).

Plaintiff argues that the Court should reinstate the case because her medical condition prevented her from being able to contact pro bono counsel. She attaches medical records, filed under seal, to support her medical condition. In the event the Court grants Plaintiff's motion, she requests that the Court appoint another pro bono counsel and suggests that "Lathan & Wakins, Perkins Coie, Procopio" be appointed. (Dkt. No. 142 at 6.)

The Court appointed pro bono counsel from the Court's Pro Bono Panel, a second time, on December 2, 2015. (Dkt. No. 120.) On February 1, 2016, pro bono counsel, a partner at Jones Day, filed a motion to withdraw as pro bono counsel because she spent two full months attempting to contact Plaintiff with no success. (Dkt. No. 122.) During December 2015 and January 2016, pro bono counsel tried all forms of communication to contact Plaintiff, including sending her a letter by U.S. certified mail which was returned unopened, contacting former pro bono counsel to obtain Plaintiff's telephone number since she will not provide the Court with her telephone number but to no avail, and physically visiting her home but no one answered the door even though it sounded like the house was occupied. (Id.) A few days after she filed her motion to withdraw, pro bono counsel filed a letter informing the Court of recent developments of Plaintiff's attempt to contact her. (Dkt. No. 124.) On February 3, 2016, Plaintiff reportedly left two voicemail messages where she questioned whether the pro bono attorney was an attorney and seemed to allude that she was part of a larger conspiracy with the police and the District Attorney's Office against her.[1]  (Id.) Later that same day, the office administrator of Jones Day spoke

---

[1] Later, in a filing on March 16, 2016, Plaintiff expressed her dissatisfaction with the two counsel appointed by the Court. Plaintiff stated that she learned the second pro bono attorney was a Deputy District Attorney from Los Angeles. (Dkt. No. 131 at 2.) For some reason, she did not find that acceptable and appears to believe there is a conspiracy against her involving the District Attorney's office. (Id.) She also states that she never agreed to allow both counsel that were appointed

with Plaintiff, although she refused to identify herself, and asked whether the pro bono attorney was really an attorney. (Id.) The office administrator attempted to get information from Plaintiff but she refused to provide her name or any information and became increasingly aggressive and hung up the phone after saying "fuck off, asshole." (Id.)

On March 11, 2016, a hearing was held on the motion to withdraw. (Dkt. No. 127.) Plaintiff did not appear at the hearing, did not inform the Court she would not attend, and did not provide a response on the motion to withdraw explaining her reasons for her inability to meet with pro bono counsel. Now, in her motion, Plaintiff claims that as of February 12, 2016 she was diagnosed with a medical condition that prevented her from communicating with appointed counsel. However, she does not explain why she was unable to respond to pro bono's counsel's effort to contact her prior to February 12, 2016, and why she failed to raise these issues at the hearing on pro bono counsel's motion to withdraw. It appears that Plaintiff was not satisfied with the two pro bono counsel that were randomly selected from the Court's Pro Bono Panel. The Pro Bono Panel in the Southern District of California has a limited number of attorneys who have volunteered to serve on the panel; it is a scarce resource. Once an attorney or law firm accepts an appointment, that attorney or law firm cannot be appointed for a two year period. (S.D. Cal. General Order 596.) In this case, the Court has appointed two competent local attorneys in the community to represent Plaintiff; however, because Plaintiff was not satisfied with them, she refused to communicate with them. As a result, both pro bono attorneys filed motions to withdraw. Plaintiff cannot pick and choose who she wants as a pro bono attorney. Based on the record, Plaintiff's stated reason for not contacting the pro bono attorney based on her medical condition is without merit.

The Court concludes that Plaintiff has failed to demonstrate that reconsideration is warranted and has not satisfied the factors that support reconsideration. Plaintiff did

---

to represent her. (Id.)

not demonstrate there was newly discovered evidence, clear error or manifest injustice, or an intervening change in controlling law.  See School Dist. No. 1J, 5 F.3d at 1263. Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

    IT IS SO ORDERED.

DATED:  May 13, 2016

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge